MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Plaintiff, v. DONALD HIRST, Formerly Known as DONALD L. HIRSH, Individually and as Executor of LOUISE B. HIRSH, Deceased, et al., Defendants.

Supreme Court, Special Term, New York County, January 29, 1948.

*Louis W. Dawson* and *Vincent Keane* for plaintiff.

*Norman A. Howard* for Lane Realty Corporation,. defendant.

STEUER, J. The motion is for summary judgment to foreclose a mortgage. The mortgage was made by the answering defendant and became due by its terms August 1, 1929. This defendant conveyed the property to one Hirsh on December 29, 1926, and Hirsh assumed the obligations of the mortgage. On June 12, 1928, Hirsh and plaintiff (who had procured the mortgage by assignment) entered into an extension agreement extending the due date to August 1, 1934. Defendant's rights were protected in the extension agreement and by operation of the above facts it became a guarantor of the original mortgage.

The issue on this motion is when the Statute of Limitations runs against the defendant. Other issues have been raised but they do not merit discussion. Obviously defendant's obligations are fixed by the instrument to which it was a party, namely, the mortgage. This being payable in 1929, by the provisions of section 47-a of the Civil Practice Act [subd. 2], rights under it would be barred on September 1, 1944. This suit was instituted in December, 1947. So unless something intervened suit is barred. Plaintiff claims that the mortgage moratorium sections of the Civil Practice Act kept defendant's obligation alive. It is true that pursuant to these sections for the period of the emergency a suit to recover the mortgage debt is prohibited and this includes a suit on a guarantee of the indebtedness (§ 1077-b). The statutory period of the emergency began with the enactment of the laws in July, 1933, and extends to July 1, 1947 (§ 1077-g). Suits that could have been brought in· the emergency period are not barred until July 1, 1948 (§ 1077-f). However, the statute (§ 1077-g) provides for certain exceptions. Among these is any case where statutory amortization at prescribed rates is not paid. This amortization was not paid in 1943. The mortgage thereupon became exempt from the ban of the moratorium. Nothing prevented plaintiff from foreclosing against this defendant for the period from October 1, 1943, to September 1, 1944.

Against this, plaintiff claims that the statute did not begin to run until July 1, 1948, relying on section 1077-f. That section makes no such provision. It merely extends the period of limitation where that would fall due during the emergency to one year

after the emergency. Where, as here, the original limitation date was September 1, 1944, it became July 1, 1948. Plaintiff's second contention is that the statute begins to run not on the date of default but on the date that plaintiff elected to declare the entire principal due because of the default. Under certain circumstances this contention may be meritorious. But it has no application under these facts.

The answering defendant is, therefore, entitled to judgment and the clerk is directed to enter judgment accordingly.